## CAROLINA SALES COMPANY v. WHITE & WILDER.

(Filed 22 February, 1922.)

(For digest, see *Johnson v. Yates, ante,* 24.)

CLARK, C. J., dissenting.

APPEAL by plaintiff from *Devin, J.,* at June Term, 1921, of DURHAM.

In the above case, upon facts substantially similar to those presented in *Johnson v. Yates, supra,* there was judgment for defendants, who held the property for repairs done at the instance of the purchaser of the automobile in possession of and using same with assent of the mortgagee.

*W. G. Bramham for plaintiff.*
*Bryant & Brogden for defendant.*

PER CURIAM. For the reasons stated in *Johnson v. Yates, supra,* the judgment in the instant case is

Affirmed.

CLARK, C. J., dissenting: This case presents the same point as in *Johnson v. Yates, ante,* 24, which is whether the vendor, who has secured the balance due on the purchase money for an automobile by a mortgage duly registered in the proper county, loses his priority by the fact that a mechanic in another county has subsequently placed repairs on the machine without the knowledge or consent of the mortgagee. It is sufficient to refer to what has been said upon the same point in the dissenting opinion in *Johnson v. Yates, supra,* at p. 31. The mortgagor is simply a tenant at will to use the machine, and has no implied authority to "improve the owner out of his property."

The danger of improving the owner out of his property is emphasized by the fact that in this case there is a balance still due the vendor on his mortgage of $430 and the lien asserted for repairs is $177.